

navigated Hell Gate; the libelant was the first Hell Gate pilot to offer his services. It does not matter that the Margit did not navigate the entire length of the Hell Gate channel, nor does it matter that her destination was merely another point in New York harbor. It does not matter that both vessels were obliged to hire a Sandy Hook pilot later in order to leave the harbor. The other points pressed by the respondent are equally unsubstantial. The payment of the fees may be an onerous and useless burden, but that is a consideration for the lawmakers rather than the courts.

The state statutes are not in contravention of any statute passed by Congress. While the power of Congress over pilotage in ports of the United States is paramount, that power has never been exercised to the full extent, the subject being left in the main to the control of the several states. Act August 7, 1789, c. 9, § 4 (46 USCA § 211). There is a prohibition against the levy of pilot charges on any steamer carrying a pilot with a federal license for the locality (Act February 28, 1871, c. 100, § 51 [46 USCA § 215]) but the context indicates that this prohibition applies only to coastwise steam vessels not under register. Anderson v. Pacific Coast Steamship Co., 225 U. S. 187, 32 S. Ct. 626, 56 L. Ed. 1047.

The libelant will recover the amount demanded in each case—$30 in the case of the Profit, and $55 in the case of the Margit.

Single, Atkins & Tyler, of New York City, for libelant.

Irving L. Evans, of New York City, for respondents.

COXE, District Judge.

The libel in this case alleges that the libelant owned the merchandise, and that the damage was occasioned while the merchandise was being carried by the Southern Cross. This is enough; and it was not necessary to set up the bill of lading. The respondent can allege that document in its answer if it intends to rely on any of its provisions. Furthermore, it can ascertain the character and extent of the damage by interrogatories.

The exceptions to the libel are overruled.

### THE SOUTHERN CROSS.

### THE WESTERN WORLD.

### BAIBIENE & ANTONINI, Limited, v. MUNSON S. S. LINE.

District Court, S. D. New York.
Dec. 16, 1933.

### DELCO–REMY CORPORATION v. PREFERRED ELECTRIC & WIRE CORPORATION.

Nos. 6388, 6389, 6391–6393, 6526.

### SAME v. P. SORENSEN MFG. CO., Inc.

Nos. 6399, 6400, 6402–6404, 6527.

### SAME v. AUTOMOTIVE SPECIALTY CORPORATION.

Nos. 6407, 6408, 6410–6412, 6693, 6904.

### SAME v. STANDARD MOTOR PRODUCTS CO., Inc.

Nos. 6419, 6420, 6422–6424, 6905.

### SAME v. P. & D. MFG. CO., Inc.

Nos. 6433, 6434, 6436–6438, 6800.
District Court, E. D. New York.
March 20, 1934.

